**FILED**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AUG - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_Pickett_
JAMES H. ~~Pickett~~, JR.
5302 BROADWATER COURT
TEMPLE HILLS, MARYLAND   20748
(30]) 466-8993
         PLAINTIFF

*JURY ACTION*

CI

            VS

JOHN E. POTTER,
Postmaster General, U. S. Postal Service
475 L' ENFANT PLAZA, S. W.
WASHINGTON, D. C. 20260

Case: 1:07-cv-01431
Assigned To : Friedman, Paul L.
Assign. Date : 8/7/2007
Description: Employ. Discrim.

## COMPLAINT

Plaintiff, James H. Pickett, Jr., states that on October 20, 2004, he was discriminated against in violation of the "Civil Rights Act Of 1991" because of his race, retaliation and / or reprisal.

Plaintiff, also states that on October 20, 2004, Supervisor Monique Corbett-Richardson intentionally, knowingly falsified his U. S. Postal Service Leave Record, when she changed the status of his leave by creating at least two new leave slips (PS Form 3971's). Even after the Plaintiff, James H. Pickett, Jr. declined to sign the leave slips, Supervisor Monique Corbett-Richardson falsified the Plaintiff's leave record anyway. (Please see attatched copies of leave slips and case 907 F.2d 136....Leilani Beverly  vs  U. S. Postal Service.)

Plaintiff, James H. Pickett, Jr., further claims that approximately six months ago or more, Supervisor Monique Corbett-Richardson and the "initialing of leave slips witness", Supervisor Phil Martin was demoted to level PS-4 mail-handlers and transferred to the Southern Maryland Mail Facility (9201 Edgeworth Drive) for falsifying time.

Plaintiff, further claims that Supervisor Monique Corbett-Richardson has cost him tens of thousands of dollars in lost wages, training, retirement benefits, etc..

Plaintiff, James H. Pickett, Jr., also claims that the U. S. Postal Service has

cost him thousands of dollars in retirement benefits, when it failed to pay
$21,760.18 through payroll deductions several hardship loans borrowed by the
Plaintiff, James H. Pickett, Jr.. ( Please see attached copies of loans numbers
0244927F and 0623006G.)

Plaintiff, further claims that sometimes Acting M D O / Supervisor Monique
Corbett-Richardson was instrumental in the firing of part-time flexible mail-
handler Delphine Mitchell in December 2004 for her alleged poor attendance.
Plaintiff further claims that Ms. Delphine Mitchell's firing was done to lay
the foundation to later fire him because Ms. Delphine Mitchell was under a
Doctor's care and other employees with worst leave records remained on duty, etc..
Plaintiff, hereby respectfully seek as relief from the Honorable Court to be
made whole and request a Trial By Jury, attorneys fee, Court cost....also the
Plaintiff, James H. Pickett, Jr. , is seeking Five Million U. S. Dollars as
compensation for the Thirty Years of benefits that Supervisor Monique Corbett-
Richardson and the U. S. Postal Service through its Gross Negligence, still
continues to put the Plaintiff, James H. Pickett, Jr., in jeopardy of losing,
etc., and all such other relief that this Honorable Court deems just and proper.
Plaintiff further ask the Court to make whole any and all present and former
employees that were suspended and / or fired during the time that sometimes
Acting M D O / Supervisor Monique Corbett-Richardson and Supervisor Phil Martin
were Supervising at the Ronald Reagan National Airport AMC (formerly known as
'National Airport AMC').

Plaintiff further claims that in support of all that he has stated, he has
documentation and witnesses that will attest to the same. Plaintiff, James H.
Pickett, Jr., further claims that with a competent and fair jury, he will
prevail, etc..

I affirm under the penalty of perjury that the foregoing is true to the best
of my knowledge.

Respectfully Submitted,

James H. Pickett, Jr. - Pro Se
5302 Broadwater Court
Temple Hills, Maryland  20748

UNITED STATES POSTAL SERVICE™

# Request for or Notification of Absence

| Employee's Name (Last, First, MI) | | Social Security No. | Date Submitted | No. of Hours Requested | PP | Year |
|---|---|---|---|---|---|---|
| | | 707 | 9-23-04 | 12 hrs | | 14 |

| | Pay Loc. / DA Code | | |
|---|---|---|---|
| | P-25-4F | | |

| Scheduled Reporting Time | Employee Can Be Reached At (if needed) | | From Date | Thru Date |
|---|---|---|---|---|
| 3:00 pm | 02/5/6 | | 9-23-04 | 9-25-04 |

**Type of Absence**

- [ ] Annual
- [ ] Sick (See Reverse)
- [ ] LWOP (See Reverse)
- [ ] COP
- [ ] Carrier 701 Rule
- [ ] Late
- [ ] Other:

**Documentation (For Official Use Only)**
- [ ] For COP Leave (CA1 on File)
- [ ] For Advanced Sick Leave (1221 on File)
- [ ] For Military Leave (Orders Reviewed)
- [ ] For Court Leave (Summons Reviewed)
- [ ] For Higher Level (1723 on File)
- [ ] Scheme Training, Testing, Qualifying (Memo on File)

| Revised Schedule for (Date) | Approved in Absence | Begin Work | Lunch-Out | Lunch-In | End Work | Total Hours |
|---|---|---|---|---|---|---|
| [ ] No Call | [ ] Yes [ ] No | | | | | |

| PP Day | Year Hk. Hours |
|---|---|
| Sat 01 | |
| Sun 02 | |
| Mon 03 | |
| Tue 04 | |
| Wed 05 | |
| Thu 06 | |
| Fri 07 | |
| Sat 08 | |
| Sun 09 | |
| Mon 10 | |
| Tue 11 | |
| Wed 12 | |
| Thu 13 | |
| Fri 14 | |

I understand that the annual leave authorized in excess of amount available to me during this leave year will be changed to LWOP.

Employee's Signature and Date

Signature of Person Recording Absence and Date

Signature of Supervisor and Date Notified

**OFFICIAL ACTION** (Check appropriate blocks and initial.)
- [ ] Approved, not FMLA
- [ ] Approved, FMLA
- [ ] Pending Documentation Noted on Reverse
- [ ] Disapproved (Give Reason)

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

[ ] Continued on Reverse

PS Form 3971, June 1985

07 1431
**FILED**

AUG - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



# Request for or Notification of Absence

| Employee's Name (Last, First, M.I.) | | | | | | | | | | PP | | Year |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CKETT JR, JAMES R | | | 09/20/2004 | | 1.00 | | | | | 21 | | 2004 |
| 0061 - WASHINGTON-REAGAN NATL AMC | N/S Day | Pay Loc. # 674 | D/A Code 11-0 | From Date 09/23/2004 | Hour 15:00 | | | | | | | |

| | | | | | | | | Day | Ink. | Hours |
|---|---|---|---|---|---|---|---|---|---|---|
| ime of Call or Request 21:15 | Scheduled Reporting Time 15:00 | | Employee Can Be Reached At (If needed) | | | | SAT | | | |
| | | | ☐ No Call | | | | SUN | | | |
| | | | Thru Date 09/23/2004 | Hour 16:05 | | | MON | | | |

| Type of Absence | Documentation (For official use only) | Revised Schedule for (Date) | Approved in Advance | | | TUE | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Annual | ☐ Per FMLA Leave (Certification reviewed) | | ☐ Yes ☐ No | | | WED | | | |
| ☐ Carrier 701 Rule | ☐ Per COP Leave (CA1 on file) | Begin Work | | | | ☒ THU | AC | | 1.00 |
| ☐ LWOP (See reverse) | ☐ Per Advanced Sick Leave (722) on file | | | | | FRI | | | |
| ☐ Sick (See reverse) | ☐ Per Military Leave (Orders reviewed) | Lunch-Out | | | | SAT | | | |
| ☐ Late | ☐ Per Court Leave (Summons reviewed) | | | | | SUN | | | |
| ☐ COP | ☐ Per Higher Level (1723 on file) | Lunch-In | | | | MON | | | |
| ☒ Other: ALL | ☐ Reform Training Testing, Qualifying (Memo on file) | End Work | | | | TUE | | | |
| rks (Do not enter medical information) | | Total Hours | | | | WED | | | |
| IOD, NOT FMLA | | | | | | THU | | | |

| | | | | | | FRI | | | |
|---|---|---|---|---|---|---|---|---|
| adequate understand that the annual leave requested in excess of annual available to me during the leave year will be changed to LWOP. | | | | | SUN | | | |
| Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified | | | | MON | | | |
| | | | | | TUE | | | |
| | | | | | WED | | | |
| Approved, not FMLA* ☐ Approved, FMLA | ☐ Approved FMLA, Pending | | | THU | | | |
| (See Publication 71) | Documentation Noted on Reverse | | 10/20/1 | FRI | | | |
| Disapproved (Give Reason) : | | | | | | |
| Ineligible for FMLA (Estimate eligibility date): | ☐ Continued on Reverse | | | | | |

Form 3971, April 2001

Warning : The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

---

| ing This Absence, I Was Incapacitated for Duty by: | | | Leave Types (Information Only) | | | | PP | | Year |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Sickness | ☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Job related) | | | | | | | | |
| ☐ On-the-Job Injury | | | Leave Type | Time Card Code | PERS Code | | | | |
| ☐ Off- the-Job Injury | | | | | | | Day | Ink. | Hours |
| ☐ Pregnancy and Confinement | ☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related) | | AL - FMLA | 55/01 | 32 | | SAT | | |
| | | | SL - FMLA | 56/02 | 33 | | SUN | | |
| ing This Absence, I Was Unavailable for Duty Because | | | LWOP - FMLA - Part Day | 59/03 | 36 | | | | |
| ☐ Sick Leave for Dependent Care | ☐ Placement of a Child with Employee for Adoption or Foster Care | | LWOP - FMLA - Full Day | 62/06 | 37 | | MON | | |
| ☐ Birth of Child - Bonding | | | LWOP - Line of Sick Leave | 59/05 | 30 | | | | |
| tional Information Regarding Denial of Leave Protection Under FMLA | | | LWOP - Portland | 59/00 | 31 | | TUE | | |
| ☐ Employee Not Eligible - Less than 1250 Hours Worked. | | | LWOP - Personal Reasons | 59/09 | 22 | | | | |
| ☐ Employee Not Eligible - Not Employed with USPS 1 Year. | | | LWOP - Part Day | 50 | 23 | | WED | | |
| ☐ Employee Has Exhausted FMLA Entitlement in Current Leave Year. | | | LWOP - Full Day | 60 | 23 | | | | |
| ☐ Absence Not for a Covered Condition. | | | LWOP - AWOL | 59/08 | 24 | | THU | | |
| ☐ Absence Not for a Covered Family Member. | | | LWOP - IOD (Not FMLA) -OWCP | 40 | 25 | | | | |
| ☐ Requested Documentation Not Provided. | | | LWOP - Maternity | 59/08 | 26 | | FRI | | |
| ☐ Documentation Provided. Does Not Meet Criteria for FMLA Protection | | | LWOP - Suspension | 59/08 | 27 | | | | |
| | | | LWOP - Union Official | 84 | 28 | | SAT | | |
| tional Documentation Required | | | LWOP - Suspension Pending Termination | 59/08 | 29 | | SUN | | |
| | | | Continuation of Pay - USPS | 71 | 68 | | MON | | |
| | | | Continuation of Pay - USPS-FMLA | 71/85 | 34 | | | | |
| | | | Continuation of Pay - FMLA-IOD-OWCP | 46/84 | 35 | | TUE | | |
| | | | Court Duty | 61 | 64 | | | | |
| ry Acts The collection of this information is authorized by 39 USC 401, 1001, | | | Military Leave | 67 | 65 | | WED | | |
| 688; 5 USC 8339; and Public Law 102-3. This information will be used to | | | Postmaster's Organization | 60 | 66 | | | | |
| r deny your request for official leave from Postal Service duty. It may be | | | Blood Donor Leave | 69 | 69 | | THU | | |
| of under the routine uses given in Privacy Act system notices USPS | | | Other Paid Leave | 86 | 10 | | FRI | | |
| 0 and USPS 120.070 (see appendix of Administrative Support Manual or, if | | | Convention Leave | 66 | 12 | | | | |
| to obtain a copy of these notices contact your personnel office). | | | Veteran Funeral | 86 | 10 | | | | |
| sion of this form is voluntary. If this information is not provided, official | | | Retention | 80 | 15 | | | | |
| ay not be granted. | | | Civil Defense | 77 | 16 | | | | |
| | | | Civil Disorder | 81 | 17 | | | | |
| | | | Voting Leave | 85 | 18 | | | | |

rm 3971, April 2001 (Reverse)

# UNITED STATES POSTAL SERVICE
## Request for or Notification of Absence

| Employee's Name (Last, First, M.I.) | | Social Security No. 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 | Date Scheduled 1691/2004 | No. of Hours Required 8.00 | | FP 21 | Year 2004 |
|---|---|---|---|---|---|---|---|

SCETT JR, JAMES H

Installation (Per PM hours, show city, state and ZIP code)
5562 - WASHINGTON-REAGAN NATL AMC

| | N/S Day | Pay Loc. # 674 | D/A Code 11-0 | From Date 09/29/2004 | Hour 15:00 | |
|---|---|---|---|---|---|---|

| Date of Call or Request 10:30 | Scheduled Reporting Time 13:00 | Employee Can Be Reached At (if needed) | Thru Date 09/29/2004 | Hour 23:30 |
|---|---|---|---|---|---|

☐ No Call

### Type of Absence

☐ Annual
☐ Carrier 701 Rate
☐ LWOP (See reverse)
☐ Sick (See reverse)
☐ Late
☐ COP
☐ Other: _BL_

### Documentation (For official use only)

☐ Per FMLA Leave (Certification reviewed)
☐ Per COP Leave (CA1 on file)
☐ Per Advanced Sick Leave (721 on file)
☐ Per Military Leave (Orders reviewed)
☐ Per Court Leave (Summons reviewed)
☐ Per Higher Level (1723 on file)
☐ Scheme Training Testing, Qualifying (Memo on file)

Revised Schedule for (Date)

☐ Approved in Advance ☐ Yes ☐ No

| Begin Work | |
| Lunch-Out | |
| Lunch-In | |
| End Work | |
| Total Hours | |

Remarks (Do not enter medical information)
IOD; NOT FMLA

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

| Employee's Signature and Date | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified |
|---|---|---|
| Fail to Sign | | |

| ☐ Approved, not FMLA* | ☐ Approved, FMLA | ☐ Approved FMLA Pending Documentation Noted on Reverse (See Publication 71) |
|---|---|---|

☐ Disapproved (Give Reason)

☐ Ineligible for FMLA (Below eligibility data):  _____

☐ Continued on Reverse

| | Day | Job | Hours |
|---|---|---|---|
| SAT | | | |
| SUN | | | |
| MON | | | |
| TUE | | | |
| WED | | | |
| THU | | | |
| FRI | | | |
| SAT | | | |
| SUN | | | |
| MON | | | |
| TUE | | | |
| X WED | UC | | 8 |
| THU | | | |
| FRI | | | |

Form 3971, April 2001

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

---

During This Absence, I Was Incapacitated for Duty by:

☐ Sickness
☐ On-the-Job Injury
☐ Off-the-Job Injury
☐ Pregnancy and Confinement

☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Job related)
☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related)

During This Absence, I Was Unavailable for Duty Because:

☐ Sick Leave for Dependent Care
☐ Birth of Child - Bonding
☐ Placement of a Child with Employee for Adoption or Foster Care

Required Information Regarding Denial of Leave Protection Under FMLA:

☐ Employee Not Eligible - Less than 1250 Hours Worked.
☐ Employee Not Eligible - Not Employed with USPS 1 Year.
☐ Employee Has Exhausted FMLA Entitlement in Current Leave Year.
☐ Absence Not for a Covered Condition.
☐ Absence Not for a Covered Family Member.
☐ Requested Documentation Not Provided.
☐ Documentation Provided. Does Not Meet Criteria for FMLA Protection

☐ Required Documentation Required

### Leave Types (Information Only)

| Leave Type | Time Card Code | PERS Code |
|---|---|---|
| AL- FMLA | 32/01 | 32 |
| SL- FMLA | 36/02 | 33 |
| LWOP - FMLA - Part Day | 59/05 | 36 |
| LWOP - FMLA - Full Day | 69/06 | 37 |
| LWOP - Line of Sick Leave | 59/03 | 39 |
| LWOP - Part Hand | 59/03 | 21 |
| LWOP - Personal Reasons | 59/03 | 22 |
| LWOP - Part Day | 59 | 23 |
| LWOP - Full Day | 60 | 24 |
| LWOP - AWOL | 59/03 | 24 |
| LWOP - IOD (Not FMLA) -OWCP | 40 | 25 |
| LWOP - Maternity | 59/03 | 26 |
| LWOP - Suspension | 59/03 | 27 |
| LWOP - Union Official | 04 | 28 |
| LWOP - Suspension Pending Termination | 59/03 | 29 |
| Continuation of Pay - USPS | 71 | 03 |
| Continuation of Pay - USPS-FMLA | 71/03 | 34 |
| Continuation of Pay - FMLA-IOD-OWCP | 69/04 | 35 |
| Court Duty | 61 | 04 |
| Military Leave | 67 | 05 |
| Postmaster's Organization | 59 | 08 |
| Blood Donor Leave | 69 | 09 |
| Other Paid Leave | 86 | 10 |
| Convention Leave | 66 | 12 |
| Acts of God | 76 | 13 |
| Veteran's Funeral | 86 | 10 |
| Relocation | 80 | 15 |
| Civil Defense | 77 | 16 |
| Civil Disorder | 81 | 17 |
| Voting Leave | 85 | 18 |

| | Day | Job | Hours |
|---|---|---|---|
| SAT | | | |
| SUN | | | |
| MON | | | |
| TUE | | | |
| WED | | | |
| THU | | | |
| FRI | | | |
| SAT | | | |
| SUN | | | |
| MON | | | |
| TUE | | | |
| WED | | | |
| THU | | | |
| FRI | | | |

Privacy Act: The collection of this information is authorized by 39 USC 401,1001, 1005; 5 USC 6339; and Public Law 103-3. This information will be used to defray your request for official leave from Postal Service duty. It may be used under the routine uses given in Privacy Act system notices USPS and USPS 120.070 (an appendix of Administrative Support Manual or, if able to obtain a copy of these notices contact your personnel office). Disclosure of this form is voluntary. If this information is not provided, official leave may not be granted.

Form 3971, April 2001 (Reverse)

# CERTIFICATE OF ACHIEVEMENT

## This award is presented to

# *James H. Pickett Jr.*

r *30 years of Government Services
and your
contributions to our success.*



*March 13, 2006*

_____

**Martin**
**Plant Manager**
**Joseph Curseen, Jr. & Thomas Morris, Jr. P&DC**

PUBLIC LAW 102-166 [S. 1745]; November 21, 1991

## CIVIL RIGHTS ACT OF 1991

*For Legislative History of Act, see p. 549.*

An Act to amend the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for damages in cases of intentional employment discrimination, to clarify provisions regarding disparate impact actions, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Civil Rights Act of 1991.
42 USC 1981 note.

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Civil Rights Act of 1991".

**SEC. 2. FINDINGS.**

42 USC 1981 note.

The Congress finds that—

(1) additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace;

(2) the decision of the Supreme Court in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989) has weakened the scope and effectiveness of Federal civil rights protections; and

(3) legislation is necessary to provide additional protections against unlawful discrimination in employment.

**SEC. 3. PURPOSES.**

42 USC 1981 note.

The purposes of this Act are—

(1) to provide appropriate remedies for intentional discrimination and unlawful harassment in the workplace;

(2) to codify the concepts of "business necessity" and "job related" enunciated by the Supreme Court in Griggs v. Duke Power Co., 401 U.S. 424 (1971), and in the other Supreme Court decisions prior to Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989);

(3) to confirm statutory authority and provide statutory guidelines for the adjudication of disparate impact suits under title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.); and

(4) to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination.

# TITLE I—FEDERAL CIVIL RIGHTS REMEDIES

**SEC. 101. PROHIBITION AGAINST ALL RACIAL DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS.**

Section 1977 of the Revised Statutes (42 U.S.C. 1981) is amended—

(1) by inserting "(a)" before "All persons within"; and

(2) by adding at the end the following new subsections:

105 STAT. 1071

Westlaw.

907 F.2d 136
907 F.2d 136
(Cite as: 907 F.2d 136)

Page 1

▷

United States Court of Appeals,
Federal Circuit.
Leilani BEVERLY, Petitioner,
v.
UNITED STATES POSTAL SERVICE,
Respondent.
No. 90-3002.

July 3, 1990.

Supervisory postal worker brought action challenging her discharge following determination that she was absent without leave for one day and that she fraudulently claimed sick leave for that day. The Merit Systems Protection Board affirmed decision upholding discharge, and worker petitioned for review. The Court of Appeals, Jack R. Miller, Senior Circuit Judge, held that: (1) substantial evidence supported determination that worker was absent without leave, despite her denial that she was at football game where she was alleged to have been seen, and (2) removal was warranted despite lack of prior related discipline.

Affirmed.

**West Headnotes**

[1] Officers and Public Employees ☞72.63
283k72.63 Most Cited Cases
Substantial evidence supported decision of Merit Systems Protection Board that supervisory postal worker was absent without leave, despite worker's assertion that she was not at football game where she was alleged to have been seen, given worker's claim to have slept until 11:00 a.m. on morning of game, but her failure to explain why she was not awakened by numerous calls coming into her home or why she did not answer telephone, and worker's failure to provide sworn testimony from either of her two daughters whom she alleged were at home while she was asleep.

[2] Postal Service ☞5
306k5 Most Cited Cases

Supervisory postal worker determined to have been absent without leave and to have falsified leave request form in order to obtain compensation for her absence could be discharged as penalty, though she had no previous disciplinary record for similar charges; removal was well within recommended range of penalties for first offense of falsifying documents.

*137 Stuart A. Abramson, Garden City, N.Y., submitted for petitioner.

Lori Joan Dym, Office of Labor Law, U.S. Postal Service, Washington, D.C., submitted for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen. and Jesse L. Butler, Asst. Gen. Counsel.

Before MARKEY, Circuit Judge, [FN*] MILLER, Senior Circuit Judge, and BROWNING, District Judge. [FN**]

FN* Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990.

FN** District Judge William D. Browning, United States District Court for the District of Arizona, sitting by designation.

JACK R. MILLER, Senior Circuit Judge.

Petitioner, Leilani Beverly, petitions for review of a decision of the Merit Systems Protection Board (MSPB) affirming the decision of an Administrative Judge ("AJ") of the MSPB upholding the discharge of Petitioner from her position of Supervisor, Mails and Delivery, for the United States Postal Service in Colorado Springs, Colorado, for one day of Absence Without Official Leave (AWOL) and for fraudulently claiming sick leave for that day. We affirm.

Petitioner commenced her employment with the United States Postal Service as a Distribution Clerk on June 2, 1979. She was promoted to the position of Supervisor, Mails and Delivery, on December 26, 1981. Prior to the Notice of Proposed Removal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

907 F.2d 136
907 F.2d 136
(Cite as: 907 F.2d 136)

issued on October 24, 1988, Petitioner had not been disciplined for any attendance related infractions; nor was there any evidence of her having an attendance problem. While the Notice of Proposed Removal did cite two unrelated minor disciplinary notices, the deciding official did not consider them in his decision letter and found that Petitioner had no disciplinary record for similar charges.

On September 24, 1988, Petitioner was scheduled to work and called in advising that she was ill. The Postal Service claimed that Petitioner was seen at a football game during the time she should have been working. As a result, it subsequently denied Petitioner's request for sick leave, marked her AWOL, and issued a Notice of Proposed Removal. This notice contained three charges. Charge one was failure to fulfill the requirements of her position by reason of being AWOL. Charge two was an allegation that Petitioner had provided a false statement when she denied her presence at the football game. The AJ correctly found that this charge was a mere denial of the charges and should not have been stated as a separate offense. Charge three alleged a fraudulent claim for sick leave when Petitioner submitted an official form requesting payment of sick leave for September 24.

Petitioner responded by denying her presence at the football game and, in support *138 of her denial, submitted notarized statements from individuals attesting to Petitioner's whereabouts on the day in question. The subsequent decision letter removing Petitioner from her position attacked the submission by Petitioner. Among the reasons given by the deciding official for disbelieving Petitioner was the discrediting of the statements submitted by her on the grounds that a notary was not present to attest to the signatures and that she affixed her signature some time thereafter. In affirming the agency action to discharge Petitioner, the AJ held that Petitioner's defenses were attempted fabrications of evidence.

[1] With respect to charge one, that Petitioner was absent without leave, the AJ declined to credit Petitioner's denial that she was at the football game, commenting that her "scenario is so inconceivable in some respects as to adversely affect her credibility." The AJ referred to the fact that Petitioner claimed to have slept until 11:00 a.m. on

the morning of the game, but gave no explanation why she was not awakened by numerous calls coming into her home, or, if she heard the phone, why she did not answer it. Further, the AJ commented that Petitioner did not provide sworn testimony from either of her two daughters whom she had alleged were at home while she was asleep, concluding that "her daughters could not truthfully testify to appellant's presence at home during the time of the game." We are satisfied that the MSPB's decision is supported by substantial evidence on the record as a whole.

[2] With respect to charge three, that Petitioner falsified a Postal Service 3971 leave request form for the day of AWOL in order to obtain compensation for her absence, claiming to have been sick, the following warning appears in bold face letters on Form 3971:

Warning: the furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. 18 U.S.C. § 1001.

The AJ concluded that one day of absence without leave and Ms. Beverly's fraudulent sick leave claim for that day were serious enough to warrant her discharge. Further, she repeatedly misstates the record when she states that she was removed only "for a single infraction of AWOL," that "we are concerned with only one day of an unexcused absence," and "that no ten year employee should be removed solely for a single day of unauthorized absence."

We reject Petitioner's arguments on the propriety of the penalty, recognizing that removal is well within the recommended range of penalties for a first offense of falsifying documents. Also, the testimony credited by the AJ and circumstantial elements of this case constitute substantial evidence supporting the decision on charge three. *Brewer v. United States Postal Service*, 647 F.2d 1093, 1096, 227 Ct.Cl. 276 (1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

AFFIRMED.

907 F.2d 136

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



# Thrift Savings Plan

P.O. Box 385021
Birmingham, AL 35238

0101971 01 AT 0.308 **AUTO  H7 1 4085 20750-010000

**JAMES H. PICKETT JR**
**PO BOX 100**
**OXON HILL, MD 20750-0100**

LOAN: 0244927F
09/29/2006

Dear Participant:

The Thrift Savings Plan (TSP) has closed your loan by declaring a taxable distribution as indicated below:

**TSP Loan:**    0244927F   General Purpose
**Amount of Taxable Distribution:**    $9,068.73
**Effective Date of Taxable Distribution:**    09/29/2006
**Processing Date of Taxable Distribution:**    09/29/2006
**Year Reported as Taxable Income:**    2006
**Reason for Taxable Distribution:**    Default on loan

You will have to pay Federal tax (and possibly, a 10% early withdrawal penalty tax) on the principal and interest outstanding as of the date of the taxable distribution. Also, you are not eligible for another TSP loan for 12 months from the date of this taxable distribution.

If you have questions, call the ThriftLine number shown below. Callers outside the United States and Canada should call (404) 233-4400 (not a toll-free number). The TSP Service Office hours are Monday through Friday 7 a.m to 9 p.m. eastern time. You can also write to the TSP Service Office. Please include your daytime telephone number and your entire Social Security number on all correspondence. **Note:** If you are a member of the uniformed services, do not provide your Defense Switched Network (DSN) telephone number.



**THRIFT SAVINGS PLAN**

# Thrift Savings Plan
## P.O. Box 385021
## Birmingham, AL 35238

0101972 01 AT 0.308 **AUTO H7 1 4085 20750-010000

JAMES H. PICKETT JR
PO BOX 100
OXON HILL, MD 20750-0100

LOAN: 0623006G
09/29/2006

Dear Participant:

The Thrift Savings Plan (TSP) has closed your loan by declaring a taxable distribution as indicated below:

**TSP Loan:**     0623006G   General Purpose
**Amount of Taxable Distribution:**     $12,691.45
**Effective Date of Taxable Distribution:**     09/29/2006
**Processing Date of Taxable Distribution:**     09/29/2006
**Year Reported as Taxable Income:**     2006
**Reason for Taxable Distribution:**     Default on loan

You will have to pay Federal tax (and possibly, a 10% early withdrawal penalty tax) on the principal and interest outstanding as of the date of the taxable distribution. Also, you are not eligible for another TSP loan for 12 months from the date of this taxable distribution.

If you have questions, call the ThriftLine number shown below. Callers outside the United States and Canada should call (404) 233-4400 (not a toll-free number). The TSP Service Office hours are Monday through Friday 7 a.m to 9 p.m. eastern time. You can also write to the TSP Service Office. Please include your daytime telephone number and your entire Social Security number on all correspondence. **Note:** If you are a member of the uniformed services, do not provide your Defense Switched Network (DSN) telephone number.

Web Site: www.tsp.gov          ThriftLine: 1-TSP-YOU-FRST (1-877-968-3778)          TDD: 1-TSP-THRIFT5 (1-877-847-4385)
Fax number: 1-866-817-5023

Notice: LC4033

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

Case 1:07-cv-01431-PLF    Document 1-3    Filed 08/07/2007    Page 1 of 2

H
07-1431
PLF

## I. (a) PLAINTIFFS

James H. Pickett, Jr

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

John E. Potter, Postmaster General, U.S. Postal Service

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James H. Pickett, Jr. 301-466-8998
5702 Broadwater court
Temple Hills, md 20748

ATTOR    Case: 1:07-cv-01431
Assigned To: Friedman, Paul L.
Assign. Date: 8/7/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/* 2255 | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000 - Job Discrimination

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY ▷ f

(See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 8-7-2007   SIGNATURE OF ATTORNEY OF RECORD   *Jerry N. Briggs* — Pro Se

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.