## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. PICKETT, JR.,      ) <br><br> Plaintiff,      ) <br><br>   v.      ) <br><br> JOHN E. POTTER, Postmaster General <br> United States Postal Service,      ) <br><br> Defendant.      ) | No. 1:07cv1431 (PLF) |

## PLAINTIFF'S MOTION TO DENY AND / OR QUASH
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Comes now the Plaintiff, James H. Pickett, Jr., to respectfully ask the Court and/or Honorable Judge Paul L. Friedman to hear and grant the "Plaintiff's Motion To Deny And / Or Quash Defendant's Motion To Dismiss Complaint", and further states as follows:

1. ) Civil Action Number 1: 05 cv 1210 ( Richmond, Virginia Appeals Court Case Number 06-2166 ) was requested withdrawn approximately May, 2007, while enroute to Maryland, on the way from my Grandmother, Mammie Carr-Pollock's funeral in North Carolina. The filing was stamped by the Court Clerk. The reasons stated at that time was that the Court and / or Honorable Judges would not allow the Plaintiff to amend the Complaint and file it under the "Civil Rights Act Of 1991". The Plaintiff, stated in the above referenced "Notice To Withdraw Complaint", that due to not being allowed to amend Complaint, that the Complaint had run it's course "Quote", "at this time", unquote.

2. ) With the new developements of both Supervisors, Monique Corbett Richardson and Phil Martin both being demoted to 'PS Level 4' mail handlers and reassigned to the Southern Maryland Mail Facility, now about a year ago, for falsifying time, etc., with new charges

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
JAN 1 0 2008
RECEIVED

and in at least one new or different "Post Office", my case now had renewed and proven or substantiated new evidence, etc., none of which was ever mentioned in the October 19, 2005 filing.

3. ) On or about November 29, 2007, the Defendant and / or Defendant's Counsel asked the Court and / or Most Honorable Judge Paul L. Friedman to grant the requested Motion and "Simultaneously herewith," also file a "Motion To Dismiss the Complaint", and wrongly argues that Plaintiff, James H. Pickett, Jr., claims are barred by res judicata and failure to file in the proper venue. All to which the Plaintiff again asserts that the Defendant and / or Defendant's Counsel are in error because not only is this the first case that the Plaintiff, James H. Pickett, Jr., has ever filed citing the "Civil Rights Act Of 1991", but it consist of at least twelve pages and references events and occurances that may or may not all have happened at the former Postal Facility, at the "Reagan National Airport" (which closed its' doors completely on November 9, 2007). Plaintiff therefore prays that the Court and / or Most Honorable Judge Paul L. Friedman will agree that the Plaintiff's claims are not barred by res judicata and are filed in the proper venue. Plaintiff further offers in support of proof that the address for "Reagan National Mail Facility" was: #1 W. Post Office Road - Washington, D. C. 20001-9706, until it closed down completely on November 9, 2007. ( Please see attatch ed three pages showing documents with the above referenced address.)

4.) Plaintiff also prays that the Court and / or Most honorable Judge Paul L. Friedman, will not dismiss Plaintiff's case # 1:07cv1431 (PLF) as sought by Defendant and / or Defendant's Counsel. Plaintiff furthers pleads that such action will not only be a "travesty of justice" and not contribute to a just resolution of this matter, but Plaintiff, James H. Pickett, Jr., will suffer "much" prejudice on account of the delay, etc.. Herein the Plaintiff prays that the Court and / or Most Honorable Judge

Paul L. Friedman will grant the "Plaintiff's Motion To Deny And Or Quash Defendant's Motion To Dismiss Complaint".

Plaintiff futher affirms that all the information herein is true to the best of my knowledge.

Respectfully Submitted, 1-10-2008

James H. Pickett, Jr. - Pro Se

5302 Broadwater Court

Temple Hills, Maryland   20748

(301) 505-5892

1-10-2008

I hereby certify that on this _10 th_ day of January, 2008, taht a copy of the foregoing Plaintiff's Motion To Deny And / Or Quash Defendant's Motion To Dismiss Complaint and served upon the parties listed below by first class mail, postage prepaid.    .

Michael Mukasey

Attorney General Of The United States

950 Pennsylvania Avenue, N. W.

Room 4400

Washington, D. C. 20530-0001


Jeffrey A. Taylor- United States Attorney

Rudolph Contreras - Assistant United States Attorney

Kenneth Adebonojo _ Assistant United States Attorney

555 — 4 th Street, N. W.

Washington, D. C.  20530

John E. Potter

Postmaster General Of The United States

U. S. Postal Servive Headquarters

475 L'Enfant Plaza, S. W.

Washington, D. C.  20260

1-10-2008

Respectfully Submitted,

James H. Pickett, Jr. - Pro Se

5302 Broadwater Court

Temple Hills, Maryland  20748

(301) 505-5892

To Whom It May Concern:

My name is Delphine Mitchell and I am a former U S Postal employee.
On December ]0, 2004, I was wrongfully terminated from my job while under
the care of Dr. Jane Salkind. My supervisor at the time was Mrs. Janie Butler.
Her supervisor was Mrs. Monique Corbett-Richardson. I am writing this to
share information that I witnessed a lot of injustice experienced by myself
as well as several other employees.

Until recently, I did not know that around October 20, 2004, that Mr. James
Pickett, Jr. did file a complaint against Mrs. Monique Corbett-Richardson also
(my former supervisor, tour 3, and acting M D O, had knowingly and intentionally
falsified his leave slips or leave record. To my knowledge, my Union Representative
was unaware of these facts. And if they had known of these facts, it may have help
save my job; prevented the many unjust hardships of which I am currently facing and
experiencing.

P S. Please see attatched copies of documentation, from Doctor Salkind dated
December 3, 2004  /  December ]4, 2004.

I affirm under the penalty of perjury that the information is true to the best
of my knowledge.

Respectfully,

Ms. Delphine Mitchell

2925 - 26th Street, N. E.,

Washington, D. C. 20018

September 7, 2006

City/County of Prince Georges
State of Maryland
The foregoing instrument was acknowledged before me
this 7th day of September 2006
by Delphine Mitchell
_____ Notary Public
My commission expires_____

My Commission Expires 9/1/08

To Whom this May Concern:

My name is Delphine Mitchell and I am a former US Postal employee. On December 10, 2004 I was wrongfully terminated from my job while under the care of Dr. Jane Salkin. My supervisor at the time was Mrs. Jonie Butler. Her supervisor was Mrs. Monique Corbett. I'm writing this to share information that I witnessed a lot of injustice experienced by myself as well as several other employees.

Until recently I did not know that around October 20, 2004. that Mr. James Pickett, Jr. did file a complaint against Mrs. Monique Corbett-Richardson so ( My former supervisor tour ③ and

acting NDC had knowingly and intentionally falifien his leave slips or leave record. To my knowledge, my Union Representative was unaware of these fact. And if they had known of these facts, It may have help save my job; prevented the many unjust hardship of which I am currently facing and experiencing. PS Please see attached copies of documentation, from Docta Salkine dated

Dec 3, 2004
Dec. 14, 2004

Respectfully

Ms. Delphia Mithell
2925-26th Street NE
Washington, DC 2001B
May 19, 2006

FACTS

Family Assistance in Coping with Trauma and Stress
650 Pennsylvania Avenue, S.E.
Suite
Washington, D.C. 20003
facts@factspllc.com

Dec. 14, 2004

Dear Mr. Butler:

This letter is regarding Delphine Mitchell. I saw her last Tues., Dec. and since that time she has experienced more intense symptoms and it has been difficult for her to go to work.

Yours truly,

Florence Jane Sackind, Ph.D.

Florence Jane Salkind, Ph.D.

650 PENNSYLVANIA AVENUE S.E.
SUITE
WASHINGTON, D.C. 20003
WWW.FACTSPLLC.COM

John Butler
Supervisor

Dec 3, 2004

Dear Mr. Butler:

Delphine Mitchell is under my care and had an appointment with me today. The problem Delphine has is causing her great discomfort and making it difficult for her to come to work.

On November 19, 2004 she saw her primary care physician who administered medication. Delphine was unable to work, due to this problem, from November 23, 2004 to December 2.

With proper treatment, we are looking for improvement in the future.

Thank you.

Yours truly,
Elnora Jane Sackvil, Ph.D.

PHONE: 202.544.5440          FAX: 202.544.3004          FACTS@FACTSPLLC.COM

FORM NLRB-501

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U.S.C. 3512

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

**INSTRUCTIONS**
File an original and 4 copies of this charge with NLRB Regional Director for
the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| United States Postal Service | | 120 (approximately) |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. 703 294 5910 |
|---|---|---|
| Reagan National Airport, # 1 W. Post Office Rd. Washington, D. C. 20001-9706 | Herbert H. Owens | Fax No. 703-294-5965 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Post Office | Delivery of U. S. Mail |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act and within the meaning of the Postal Reorganization Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

At all times within the previous six months, the above-named Employer, by its officers, agents and representatives, has discriminated against its employee James Pickett, because of his membership in and activities on behalf of the American Postal Workers Union, by: creating a more onerous and hostile work environment for him; denying overtime assignments to him; reducing his hours of work; denying him the contractual right to see his shop steward, including by threatening to call the police; and generally harassing him.

During this same period of time, the above-named Employer has restrained and coerced its employees in the exercise of their rights guaranteed in Section 7 of the Act by denying employees access to its own APWU bulletin board based on the content of the Union literature.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

**3. Full name of party filing charge** (if labor organization, give full name, including local name and number)

James H. Pickett, Jr.

| 4a. Address (street and number, city, state and ZIP code) | 4b. Telephone No. 301-806-6541 |
|---|---|
| 5302 Broadwater Ct. Temple Hills, MD 20748 | Fax No. 301-505-9009 |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** (to be filled in when charge is filed by a labor organization.)

**6. DECLARATION**
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _James H. Pickett_ (signature)
Signature of representative or person making charge

James H. Pickett, Jr. (Print Name)

Title _An individual_

Telephone No. (301) 806-6541 / Date _August 15, 2003_

Address
Same as above

Fax No. (301) 505-9009

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U.S. CODE, TITLE 18, SECTION 1001)**

*Nation's Capital Southern Maryland Area Local*

## APWU   AFL-CIO

| 6139 CHILLUM PLACE, N.E. | WASHINGTON, DC 20011 |
| --- | --- |
| (202) 291-0801 | TTY (202) 291-0881 |

**Patricia Johnson**
**President**

September 25, 2002

**USPS Plant Manager Owens**
**National Airport Mail Center**
**WDC 2001-9706**

**Dear Manager Owens**

**Please be advised that James Pickett is hereby certified as APWU's representative for tours I and III. In addition he will cover all sections. If you have any concerns and or questions please feel free in contacting me at the above address and or telephone number.**

**Pat Johnson President**
**NCSMAL, APWU**

**Faxed 703-294-5965**



Reagan National Airport Mail Center
Washington National Airport
Washington, DC 20001-9706

**UNITED STATES**
**POSTAL SERVICE**

August 8, 2002


Memorandum for: Manager, Maintenance
A/Manager, Distribution Operations
Supervisor, Distribution Operations
Supervisor, Maintenance Operations
204B


All employees must be Informed that effective immediately all late or absent
call-ins, must be called into the ATAL unit at Southern Maryland at:

# 301-499-7323.

Please provide a copy of this letter to each employee, have employee sign for
letter and treat this as a service talk.

Herbert Owens
A/Plant Manager

cc:    AWPU
Mailhandler's Union

703-294-5910
FAX 703-294-5965

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PICKETT

JAMES H. ~~PIAKETT~~, JR.
5302 BROADWATER COURT
TEMPLE HILLS, MARYLAND   20748
(30]) 466-8993
          PLAINTIFF

          VS

JOHN E. POTTER,
Postmaster General, U. S. Postal Service
475 L' ENFANT PLAZA, S. W.
WASHINGTON, D. C. 20260

C

Case: 1:07-cv-01431
Assigned To : Friedman, Paul L.
Assign. Date : 8/7/2007
Description: Employ. Discrim.

### COMPLAINT

Plaintiff, James H. Pickett, Jr., states that on October 20, 2004, he was

discriminated against in violation of the "Civil Rights Act Of 1991" because

of his race, retaliation and / or reprisal.

Plaintiff, also states that on October 20, 2004, Supervisor Monique Corbett-

Richardson intentionally, knowingly falsified his U. S. Postal Service Leave

Record, when she changed the status of his leave by creating at least two new

leave slips (PS Form 3971's). Even after the Plaintiff, James H. Pickett, Jr.

declined to sign the leave slips, Supervisor Monique Corbett-Richardson falsified

the Plaintiff's leave record anyway. (Please see attatched copies of leave slips

and case 907 F.2d 136....Leilani Beverly  vs  U. S. Postal Service.)

Plaintiff, James H. Pickett, Jr., further claims that approximately six months

ago or more, Supervisor Monique Corbett-Richardson and the "initialing of

leave slips witness", Supervisor Phil Martin was demoted to level PS-4 mail-

handlers and transferred to the Southern Maryland Mail Facility (9201 Edgeworth

Drive) for <u>falsifying time.</u>

Plaintiff, further claims that Supervisor Monique Corbett-Richardson has cost

him tens of thousands of dollars in lost wages, training, retirement benefits,

etc..

Plaintiff, James H. Pickett, Jr., also claims that the U. S. Postal Service has

cost him thousands of dollars in retirement benefits, when it failed to pay $21,760.18 through payroll deductions several hardship loans borrowed by the Plaintiff, James H. Pickett, Jr.. ( Please see attached copies of loans numbers 0244927F and 0623006G.)

Plaintiff, further claims that sometimes Acting M D O / Supervisor Monique Corbett-Richardson was instrumental in the firing of part-time flexible mail-handler Delphine Mitchell in December 2004 for her alleged poor attendance. Plaintiff further claims that Ms. Delphine Mitchell's firing was done to lay the foundation to later fire him because Ms. Delphine Mitchell was under a Doctor's care and other employees with worst leave records remained on duty, etc.. Plaintiff, hereby respectfully seek as relief from the Honorable Court to be made whole and request a Trial By Jury, attorneys fee, Court cost....also the Plaintiff, James H. Pickett, Jr. , is seeking Five Million U. S. Dollars as compensation for the Thirty Years of benefits that Supervisor Monique Corbett-Richardson and the U. S. Postal Service through its Gross Negligence, still continues to put the Plaintiff, James H. Pickett, Jr., in jeopardy of losing, etc., and all such other relief that this Honorable Court deems just and proper. Plaintiff further ask the Court to make whole any and all present and former employees that were suspended and / or fired during the time that sometimes Acting M D O / Supervisor Monique Corbett-Richardson and Supervisor Phil Martin were Supervising at the Ronald Reagan National Airport AMC (formerly known as 'National Airport AMC').

Plaintiff further claims that in support of all that he has stated, he has documentation and witnesses that will attest to the same. Plaintiff, James H. Pickett, Jr., further claims that with a competent and fair jury, he will prevail, etc..

I affirm under the penalty of perjury that the foregoing is true to the best of my knowledge.

Respectfully Submitted,

James H. Pickett, Jr. - Pro Se
5302 Broadwater Court
Temple Hills, Maryland  20748

# UNITED STATES POSTAL SERVICE™

## Request for or Notification of Absence

| Employee's Name (Last, First, MI) | Social Security No. | Date Submitted | No. of Hours Requested | PP | Year |
|---|---|---|---|---|---|
| PICKETT, Jr., James R. | 8707 | 9-23-04 | 14 HRS | | 04 |

| Type of Absence | Scheduled Reporting Time | Employee Can Be Reached At (If needed) | Pay Loc. # / D/A Code | WS Day / Pay Loc. | Revised Schedule for (Date) | Day | Init. | Hours |
|---|---|---|---|---|---|---|---|---|
| | 3:00 p.m. | No Call | 674 | 01 3/F | From Date 9-23-04 | | | |

**Type of Absence**
- ☑ Annual
- ☐ Carrier 701 Rule
- ☐ LWOP (See Reverse)
- ☑ Sick (See Reverse)
- ☐ Late
- ☐ COP
- ☐ Other:

**Documentation (For Official Use Only)**
- ☐ For COP Leave (CA1 on File)
- ☐ For Advanced Sick Leave (1221 on File)
- ☐ For Military Leave (Orders Reviewed)
- ☐ For Court Leave (Summons Reviewed)
- ☐ For Higher Level (1723 on File)
- ☐ Scheme Training Testing, Qualifying (Memo on File)

**Remarks (Do Not Enter Medical Information)**
JAG AMTRAK FTC ACCIDENT TRAIN
CANCELED 07 230 p.m.

From Date 9-23-04   Thru Date 9-23-04
Hour 3:14   Hour 4:00 p.m.

☐ Yes  ☐ No   Approved in Advance

| | Begin Work | Lunch-Out | Lunch-In | End Work | Total Hours |
|---|---|---|---|---|---|
| | | | | | |

| | | | | Day | Hours |
|---|---|---|---|---|---|
| Sun 02 | | | | Mon 10 | |
| Mon 03 | | | | Tue 11 | |
| Tue 04 | | | | Wed 12 | |
| Wed 05 | | | | Thur 13 | |
| Thur 06 | | | | Fri 14 | |
| Fri 07 | | | | | |
| Sat 08 | | | | | |
| Sun 09 | | | | | |

**I understand that this annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.**

| Employee Signature and Date | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified |
|---|---|---|
| 9-23-04 | | |

## Official Action on Application (Return copy of signed request to employee)

- ☐ Approved, not FMLA
- ☐ Approved, FMLA
- ☐ Disapproved (Give Reason)
- ☐ Pending Documentation Noted on Reverse.

**Warning:** The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

PS Form 3971, June 1995

☐ Continued on Reverse

**UNITED STATES POSTAL SERVICE™**

# Request for or Notification of Absence

| Employee's Name (Last, First, M.I.) | Social Security No. | Date Submitted | No. of Hours Requested |
|---|---|---|---|
| PICKETT, Clarence | 87 07 | 9-30-04 | EIG-HT |

| Installation (For PM leave, show City, State, and ZIP Code) | N/S Day | Pay Loc. | D/A Code | From Date | Hours |
|---|---|---|---|---|---|
| REAGAN NAT'L Airport | | 67X | | 9-29-04 | Hr 8:30 pm |

| Time of Call or Request | Scheduled Reporting Time | Employee Can Be Reached At (if needed) | Thru Date | Hours |
|---|---|---|---|---|
| Approx 1:30 | 3:00 pm | | 9-29-04 | Hr 8:30 pm |

**Type of Absence**
- [ ] Annual
- [ ] Carrier 701 Rule
- [ ] LWOP (See Reverse)
- [X] Sick (See Reverse)
- [ ] Late  [ ] COP
- [ ] Other

**Documentation (For Official Use Only)**
- [ ] For COP Leave (CA1 on File)
- [ ] For Advanced Sick Leave (1221 on File)
- [ ] For Military Leave (Orders Reviewed)
- [ ] For Court Leave (Summons Reviewed)
- [ ] For Higher Level (1723 on File)
- [ ] Scheme Training Testing; Qualifying (Memo on File)

| | Revised Schedule for (Date) | Approved in Advance |
|---|---|---|
| | [ ] No Call | [ ] Yes  [ ] No |
| Begin Work | I TALKED TO | |
| Lunch-Out | SUPV. BROWN | |
| Lunch-In | MANAGER MARTIN | |
| End Work | 1:30 pm, 11.5Hr | |
| | GAVE AT 8HRS.SL) | |

Remarks (Do Not Enter Medical Information)
CALL AT 1:30 pm NOW TO REPORT CONTINUED NOTE COMING LATE SHOW

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

| Employee's Signature and Date | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified |
|---|---|---|
| | | |

**Official Action on Application (Return copy of signed request to employee)**
- [X] Approved  [ ] Approved, FMLA
- [ ] Disapproved (Give Reason)  [ ] Pending Documentation Noted on Reverse

**Warning:** The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

PS Form 3971, June 1995

| PP | Year | Day | Init. | Hours |
|---|---|---|---|---|
| Sun 02 | | | | |
| Mon 03 | | | | |
| Tue 04 | | | | |
| Wed 05 | | | | |
| Thur 06 | | | | |
| Fri 07 | | | | |
| Sat 08 | | | | |
| Sun 09 | | | | |
| Mon 10 | | | | |
| Tue 11 | | | | |
| Wed 12 | | | | |
| Thur 13 | | | | |
| Fri 14 | | | | |

[ ] Continued on Reverse

# POSTAL SERVICE
# Request for or Notification of Absence

| Employee's Name (Last, first, M.I.) | | Social Security No. | Date Submitted | No. of Hours Requested |
|---|---|---|---|---|
| ICKETT JR, JAMES H | | 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 | 09/28/2004 | 1.09 |

| | | | PP | Year |
|---|---|---|---|---|
| Installation (For PM leave, show city, state and ZIP code) | N/S Day | Pay Loc. # 674 | D/A Code 11-0 | From Date 09/23/2004 | Hour 15:00 | 21 | 2004 |
| 0-5002 - WASHINGTON-REAGAN NATL AMC | | | | | | | |

| Time of Call or Request | Scheduled Reporting Time | Employee Can Be Reached At (If needed) | Thru Date 09/23/2004 | Hour 16:05 |
|---|---|---|---|---|
| 21:13 | 15:00 | ☐ No Call | | |

| Type of Absence | Documentation (For official use only) | Revised Schedule for (Date) | Approved in Advance |
|---|---|---|---|
| ☐ Annual | ☐ For FMLA Leave (Certification reviewed) | | ☐ Yes  ☐ No |
| ☐ Carrier 701 Rule | ☐ For COP Leave (CA1 on file) | | |
| ☐ LWOP (See reverse) | ☐ For Advanced Sick Leave (1221 on file) | Begin Work | |
| ☐ Sick (See reverse) | ☐ For Military Leave (Orders reviewed) | | |
| ☐ Late | ☐ For Court Leave (Summons reviewed) | Lunch-Out | |
| ☐ COP | ☐ For Higher Level (1723 on file) | | |
| ☐ Other: ALL | ☐ Scheme Training Testing, Qualifying (Memo on file) | Lunch-In | |

| Day | Init. | Hours |
|---|---|---|
| SAT | | |
| SUN | | |
| MON | | |
| TUE | | |
| WED | | |
| THU  X | AMC | 1.09 |
| FRI | | |
| SAT | | |
| SUN | | |
| MON | | |
| TUE | | |
| WED | | |
| THU | | |
| FRI | | |

Remarks (Do not enter medical information)
IT IOD; NOT FMLA

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

Signature of Employee and Date / Signature of Person Recording Absence and Date / Signature of Supervisor and Date Notified

☐ Approved, not FMLA*    ☐ Approved, FMLA (See Publication 71)    ☐ Approved FMLA, Pending Documentation Noted on Reverse

☐ Disapproved (Give Reason):

☐ Ineligible for FMLA (Estimate eligibility date):    ☐ Continued on Reverse

Form 3971, April 2001

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

---

During This Absence, I Was Incapacitated for Duty by:

☐ Sickness
☐ On-the-Job Injury
☐ Off-the-Job Injury
☐ Pregnancy and Confinement
☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Job related)
☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related)

During This Absence, I Was Unavailable for Duty Because:

☐ Sick Leave for Dependent Care
☐ Birth of Child - Bonding
☐ Placement of a Child with Employee for Adoption or Foster Care

Additional Information Regarding Denial of Leave Protection Under FMLA:

☐ Employee Not Eligible - Less than 1250 Hours Worked.
☐ Employee Not Eligible - Not Employed with USPS 1 Year.
☐ Employee Has Exhausted FMLA Entitlement in Current Leave Year.
☐ Absence Not for a Covered Condition.
☐ Absence Not for a Covered Family Member.
☐ Requested Documentation Not Provided.
☐ Documentation Provided. Does Not Meet Criteria for FMLA Protection

☐ Additional Documentation Required

| Leave Type | Time Card Code | PSDS Code |
|---|---|---|
| AL- FMLA | 55/01 | 32 |
| SL- FMLA | 56/02 | 33 |
| LWOP - FMLA - Part Day | 59/05 | 36 |
| LWOP - FMLA - Full Day | 60/06 | 37 |
| LWOP - Lieu of Sick Leave | 59/60 | 20 |
| LWOP - Proffered | 59/60 | 21 |
| LWOP - Personal Reason | 59/60 | 22 |
| LWOP - Part Day | 59 | 23 |
| LWOP - Full Day | 60 | 23 |
| LWOP - AWOL | 59/60 | 24 |
| LWOP - IOD (Not FMLA) -OWCP | 49 | 25 |
| LWOP - Maternity | 59/60 | 26 |
| LWOP - Suspension | 59/60 | 27 |
| LWOP - Union Official | 84 | 28 |
| LWOP - Suspension Pending Termination | 59/60 | 29 |
| Continuation of Pay - USPS | 71 | 03 |
| Continuation of Pay - USPS-FMLA | 71/03 | 34 |
| Continuation of Pay - FMLA-IOD-OWCP | 49/04 | 35 |
| Court Duty | 61 | 04 |
| Military Leave | 67 | 05 |
| Postmaster's Organization | 89 | 08 |
| Blood Donor Leave | 69 | 09 |
| Other Paid Leave | 86 | 10 |
| Convention Leave | 66 | 12 |
| Acts of God | 78 | 13 |
| Veteran's Funeral | 86 | 10 |
| Relocation | 80 | 15 |
| Civil Defense | 77 | 16 |
| Civil Disorder | 81 | 17 |
| Voting Leave | 85 | 18 |

| | | PP | Year |
|---|---|---|---|
| | | Day | Init. | Hours |
| | | SAT | | |
| | | SUN | | |
| | | MON | | |
| | | TUE | | |
| | | WED | | |
| | | THU | | |
| | | FRI | | |
| | | SAT | | |
| | | SUN | | |
| | | MON | | |
| | | TUE | | |
| | | WED | | |
| | | THU | | |
| | | FRI | | |

Privacy Act: The collection of this information is authorized by 39 USC 401,1001, 1005; 5 USC 8339; and Public Law 103-3. This information will be used to verify your request for official leave from Postal Service duty. It may be disclosed under the routine uses given in Privacy Act system notices USPS 010 and USPS 120.070 (see appendix of Administrative Support Manual or, if you wish to obtain a copy of these notices contact your personnel office). Completion of this form is voluntary. If this information is not provided, official leave may not be granted.

Form 3971, April 2001 (Reverse)

# Request for or Notification of Absence

| Employee's Name (Last, first, M.I.) | | Social Security No. 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 | Date Scheduled 10/01/2004 | No. of Hours Requested 8.00 | | | | C | | FP 21 | | Year 2004 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SCOTT JR, JAMES H | | | | | | | | | | | | | |
| Installation (For PM leave, show city, state and ZIP code) 5022 - WASHINGTON-REAGAN NATL AMC | | N/S Day | Pay Loc. No. 674 | D/A Code 11-0 | From Date 09/28/2004 | Hour 15:00 | | | | Day | Init. | Hours | |
| Time of Call or Request 18:50 | Scheduled Reporting Time 15:00 | Employee Can Be Reached At (if needed) | | | Thru Date 09/28/2004 | Hour 23:30 | | SAT | | | | | |
| | | | | □ No Call | | | | SUN | | | | | |
| Type of Absence | Documentation (For official use only) | Revised Schedule for (Date) | | Approved in Advance | | | | MON | | | | | |
| □ Annual | □ For FMLA Leave (Certification reviewed) | | | □ Yes □ No | | | | TUE | | | | | |
| □ Courier 701 Rate | □ For COP Leave (CA1 on file) | | | | | | | | | | | | |
| □ LWOP (See reverse) | □ For Advanced Sick Leave (1221 on file) | Begin Work | | | | | | WED | | | | | |
| □ Sick (See reverse) | □ For Military Leave (Orders reviewed) | | | | | | | | | | | | |
| □ Late | □ For Court Leave (Summons reviewed) | Lunch-Out | | | | | | THU | | | | | |
| □ COP | □ For Higher Level (1723 on file) | | | | | | | | | | | | |
| □ Other: SL | □ Scheme Training Testing, Qualifying (Memo on file) | Lunch-In | | | | | | FRI | | | | | |
| Remarks (Do not enter medical information) | | End Work | | | | | | SAT | | | | | |
| IF IOD; NOT FMLA | | | | | | | | SUN | | | | | |
| | | Total Hours | | | | | | MON | | | | | |

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

| Employee's Signature and Date (FM) | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified | | | | TUE | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Failed to sign | | | | | | WED | | | x | UC 8 |

| □ Approved, not FMLA* | □ Approved, FMLA (See Publication 71) | □ Approved FMLA, Pending Documentation Noted on Reverse | | | THU | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Disapproved (Give Reason): | | JT Green 10/5/04 | | | FRI | | | | |
| Ineligible for FMLA (Estimate eligibility date): | | □ Continued on Reverse | | | | | | | |

Form 3971, April 2001

**Warning :** The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

---

Using This Absence, I Was Incapacitated for Duty by:

□ Sickness
□ On-the-Job Injury
□ Off- the-Job Injury
□ Pregnancy and Confinement

□ Undergoing Medical, Dental, or Optical Examination or Treatment (Job related)
□ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related)

During This Absence, I Was Unavailable for Duty Because:

□ Sick Leave for Dependent Care
□ Birth of Child - Bonding
□ Placement of a Child with Employee for Adoption or Foster Care

Additional Information Regarding Denial of Leave Protection Under FMLA:

□ Employee Not Eligible - Less than 1250 Hours Worked.
□ Employee Not Eligible - Not Employed with USPS 1 Year.
□ Employee Has Exhausted FMLA Entitlement in Current Leave Year.
□ Absence Not for a Covered Condition.
□ Absence Not for a Covered Family Member.
□ Requested Documentation Not Provided.
□ Documentation Provided. Does Not Meet Criteria for FMLA Protection

□ Additional Documentation Required

| Leave Types (Information Only) | | | | | | FP | | Year | |
|---|---|---|---|---|---|---|---|---|---|
| Leave Type | Time Card Code | PSDS Code | | | | Day | Init. | Hours | |
| AL - FMLA | 55/01 | 32 | | | SAT | | | | |
| SL - FMLA | 56/02 | 33 | | | SUN | | | | |
| LWOP - FMLA - Part Day | 59/05 | 36 | | | | | | | |
| LWOP - FMLA - Full Day | 60/06 | 37 | | | MON | | | | |
| LWOP - Lieu of Sick Leave | 59/60 | 20 | | | | | | | |
| LWOP - Prefixed | 59/60 | 21 | | | TUE | | | | |
| LWOP - Personal Reasons | 59/60 | 22 | | | | | | | |
| LWOP - Part Day | 59 | 23 | | | WED | | | | |
| LWOP - Full Day | 60 | 23 | | | | | | | |
| LWOP - AWOL | 59/60 | 24 | | | THU | | | | |
| LWOP - IOD (Not FMLA) -OWCP | 49 | 25 | | | | | | | |
| LWOP - Maternity | 59/60 | 26 | | | FRI | | | | |
| LWOP - Suspension | 59/60 | 27 | | | | | | | |
| LWOP - Union Official | 54 | 28 | | | SAT | | | | |
| LWOP - Suspension Pending Termination | 59/60 | 29 | | | SUN | | | | |
| Continuation of Pay - USPS | 71 | 03 | | | | | | | |
| Continuation of Pay - USPS-FMLA | 71/49 | 34 | | | MON | | | | |
| Continuation of Pay - FMLA-IOD-OWCP | 49/04 | 35 | | | | | | | |
| Court Duty | 61 | 04 | | | TUE | | | | |
| Military Leave | 67 | 05 | | | | | | | |
| Postmaster's Organization | 20 | 06 | | | WED | | | | |
| Blood Donor Leave | 69 | 09 | | | | | | | |
| Other Paid Leave | 36 | 10 | | | THU | | | | |
| Convention Leave | 66 | 12 | | | | | | | |
| Acts of God | 78 | 13 | | | FRI | | | | |
| Veteran's Funeral | 86 | 10 | | | | | | | |
| Relocation | 80 | 15 | | | | | | | |
| Civil Defense | 77 | 16 | | | | | | | |
| Civil Disorder | 81 | 17 | | | | | | | |
| Voting Leave | 85 | 18 | | | | | | | |

Privacy Act: The collection of this information is authorized by 39 USC 401,1001, 1005; 5 USC 8339; and Public Law 103-3. This information will be used to process your request for official leave from Postal Service duty. It may be disclosed under the routine uses given in Privacy Act system section USPS 120.090 and USPS 120.070 (see appendix of Administrative Support Manual or, if you wish to obtain a copy of these notices contact your personnel office). Completion of this form is voluntary. If this information is not provided, official duty may not be granted.

Form 3971, April 2001 (Reverse)

PUBLIC LAW 102–166 [S. 1745];  November 21, 1991

## CIVIL RIGHTS ACT OF 1991

*For Legislative History of Act, see p. 549.*

An Act to amend the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for damages in cases of intentional employment discrimination, to clarify provisions regarding disparate impact actions, and for other purposes.

**Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,**

Civil Rights Act
of 1991.
42 USC 1981
note.

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Civil Rights Act of 1991".

**SEC. 2. FINDINGS.**

42 USC 1981
note.

The Congress finds that—

(1) additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace;

(2) the decision of the Supreme Court in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989) has weakened the scope and effectiveness of Federal civil rights protections; and

(3) legislation is necessary to provide additional protections against unlawful discrimination in employment.

**SEC. 3. PURPOSES.**

42 USC 1981
note.

The purposes of this Act are—

(1) to provide appropriate remedies for intentional discrimination and unlawful harassment in the workplace;

(2) to codify the concepts of "business necessity" and "job related" enunciated by the Supreme Court in Griggs v. Duke Power Co., 401 U.S. 424 (1971), and in the other Supreme Court decisions prior to Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989);

(3) to confirm statutory authority and provide statutory guidelines for the adjudication of disparate impact suits under title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.); and

(4) to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination.

# TITLE I—FEDERAL CIVIL RIGHTS REMEDIES

**SEC. 101. PROHIBITION AGAINST ALL RACIAL DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS.**

Section 1977 of the Revised Statutes (42 U.S.C. 1981) is amended—

(1) by inserting "(a)" before "All persons within"; and

(2) by adding at the end the following new subsections:

105 STAT. 1071

# CERTIFICATE OF ACHIEVEMENT

## *This award is presented to*

# *James H. Pickett Jr.*

*for 30 years of Government Services
and your
contributions to our success.*



*March 13, 2006*

_____

*Darryl Martin*
*Plant Manager*
**Joseph Curseen, Jr. & Thomas Morris, Jr. P&DC**

Westlaw.

907 F.2d 136
907 F.2d 136
(Cite as: 907 F.2d 136)

Page 1

United States Court of Appeals,
Federal Circuit.
Leilani BEVERLY, Petitioner,
v.
UNITED STATES POSTAL SERVICE,
Respondent.
No. 90-3002.

July 3, 1990.

Supervisory postal worker brought action challenging her discharge following determination that she was absent without leave for one day and that she fraudulently claimed sick leave for that day. The Merit Systems Protection Board affirmed decision upholding discharge, and worker petitioned for review. The Court of Appeals, Jack R. Miller, Senior Circuit Judge, held that: (1) substantial evidence supported determination that worker was absent without leave, despite her denial that she was at football game where she was alleged to have been seen, and (2) removal was warranted despite lack of prior related discipline.

Affirmed.

West Headnotes

[1] Officers and Public Employees ⬅72.63
283k72.63 Most Cited Cases
Substantial evidence supported decision of Merit Systems Protection Board that supervisory postal worker was absent without leave, despite worker's assertion that she was not at football game where she was alleged to have been seen, given worker's claim to have slept until 11:00 a.m. on morning of game, but her failure to explain why she was not awakened by numerous calls coming into her home or why she did not answer telephone, and worker's failure to provide sworn testimony from either of her two daughters whom she alleged were at home while she was asleep.

[2] Postal Service ⬅5
306k5 Most Cited Cases

Supervisory postal worker determined to have been absent without leave and to have falsified leave request form in order to obtain compensation for her absence could be discharged as penalty, though she had no previous disciplinary record for similar charges; removal was well within recommended range of penalties for first offense of falsifying documents.

*137 Stuart A. Abramson, Garden City, N.Y., submitted for petitioner.

Lori Joan Dym, Office of Labor Law, U.S. Postal Service, Washington, D.C., submitted for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen. and Jesse L. Butler, Asst. Gen. Counsel.

Before MARKEY, Circuit Judge, [FN*] MILLER, Senior Circuit Judge, and BROWNING, District Judge. [FN**]

FN* Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990.

FN** District Judge William D. Browning, United States District Court for the District of Arizona, sitting by designation.

JACK R. MILLER, Senior Circuit Judge.

Petitioner, Leilani Beverly, petitions for review of a decision of the Merit Systems Protection Board (MSPB) affirming the decision of an Administrative Judge ("AJ") of the MSPB upholding the discharge of Petitioner from her position of Supervisor, Mails and Delivery, for the United States Postal Service in Colorado Springs, Colorado, for one day of Absence Without Official Leave (AWOL) and for fraudulently claiming sick leave for that day. We affirm.

Petitioner commenced her employment with the United States Postal Service as a Distribution Clerk on June 2, 1979. She was promoted to the position of Supervisor, Mails and Delivery, on December 26, 1981. Prior to the Notice of Proposed Removal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

907 F.2d 136
907 F.2d 136
(Cite as: 907 F.2d 136)

issued on October 24, 1988, Petitioner had not been disciplined for any attendance related infractions; nor was there any evidence of her having an attendance problem. While the Notice of Proposed Removal did cite two unrelated minor disciplinary notices, the deciding official did not consider them in his decision letter and found that Petitioner had no disciplinary record for similar charges.

On September 24, 1988, Petitioner was scheduled to work and called in advising that she was ill. The Postal Service claimed that Petitioner was seen at a football game during the time she should have been working. As a result, it subsequently denied Petitioner's request for sick leave, marked her AWOL, and issued a Notice of Proposed Removal. This notice contained three charges. Charge one was failure to fulfill the requirements of her position by reason of being AWOL. Charge two was an allegation that Petitioner had provided a false statement when she denied her presence at the football game. The AJ correctly found that this charge was a mere denial of the charges and should not have been stated as a separate offense. Charge three alleged a fraudulent claim for sick leave when Petitioner submitted an official form requesting payment of sick leave for September 24.

Petitioner responded by denying her presence at the football game and, in support *138 of her denial, submitted notarized statements from individuals attesting to Petitioner's whereabouts on the day in question. The subsequent decision letter removing Petitioner from her position attacked the submission by Petitioner. Among the reasons given by the deciding official for disbelieving Petitioner was the discrediting of the statements submitted by her on the grounds that a notary was not present to attest to the signatures and that she affixed her signature some time thereafter. In affirming the agency action to discharge Petitioner, the AJ held that Petitioner's defenses were attempted fabrications of evidence.

[1] With respect to charge one, that Petitioner was absent without leave, the AJ declined to credit Petitioner's denial that she was at the football game, commenting that her "scenario is so inconceivable in some respects as to adversely affect her credibility." The AJ referred to the fact that Petitioner claimed to have slept until 11:00 a.m. on the morning of the game, but gave no explanation why she was not awakened by numerous calls coming into her home, or, if she heard the phone, why she did not answer it. Further, the AJ commented that Petitioner did not provide sworn testimony from either of her two daughters whom she had alleged were at home while she was asleep, concluding that "her daughters could not truthfully testify to appellant's presence at home during the time of the game." We are satisfied that the MSPB's decision is supported by substantial evidence on the record as a whole.

[2] With respect to charge three, that Petitioner falsified a Postal Service 3971 leave request form for the day of AWOL in order to obtain compensation for her absence, claiming to have been sick, the following warning appears in bold face letters on Form 3971:

Warning: the furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. 18 U.S.C. § 1001.

The AJ concluded that one day of absence without leave and Ms. Beverly's fraudulent sick leave claim for that day were serious enough to warrant her discharge. Further, she repeatedly misstates the record when she states that she was removed only "for a single infraction of AWOL," that "we are concerned with only one day of an unexcused absence," and "that no ten year employee should be removed solely for a single day of unauthorized absence."

We reject Petitioner's arguments on the propriety of the penalty, recognizing that removal is well within the recommended range of penalties for a first offense of falsifying documents. Also, the testimony credited by the AJ and circumstantial elements of this case constitute substantial evidence supporting the decision on charge three. *Brewer v. United States Postal Service*, 647 F.2d 1093, 1096, 227 Ct.Cl. 276 (1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

AFFIRMED.

907 F.2d 136

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**THRIFT SAVINGS PLAN**

# Thrift Savings Plan

P.O. Box 385021
Birmingham, AL 35238

0101971 01 AT 0.308 **AUTO H7 1 4065 20750-010000

|ıılıIIIı␣ı␣ıIılıIılII␣␣ıIlᴵɪᴵᴵllıᴵIıᴵIᴵᴵıIᴵlIᴵ

JAMES H. PICKETT JR
PO BOX 100
OXON HILL, MD 20750-0100

LOAN: 0244927F
09/29/2006

Dear Participant:

       The Thrift Savings Plan (TSP) has closed your loan by declaring a taxable distribution as indicated below:

**TSP Loan:**    0244927F  General Purpose
**Amount of Taxable Distribution:**    $9,068.73
**Effective Date of Taxable Distribution:**    09/29/2006
**Processing Date of Taxable Distribution:**    09/29/2006
**Year Reported as Taxable Income:**    2006
**Reason for Taxable Distribution:**    Default on loan

       You will have to pay Federal tax (and possibly, a 10% early withdrawal penalty tax) on the principal and interest outstanding as of the date of the taxable distribution. Also, you are not eligible for another TSP loan for 12 months from the date of this taxable distribution.

       If you have questions, call the ThriftLine number shown below. Callers outside the United States and Canada should call (404) 233-4400 (not a toll-free number). The TSP Service Office hours are Monday through Friday 7 a.m to 9 p.m. eastern time. You can also write to the TSP Service Office. Please include your daytime telephone number and your entire Social Security number on all correspondence. **Note:** If you are a member of the uniformed services, do not provide your Defense Switched Network (DSN) telephone number.



# Thrift Savings Plan

P.O. Box 385021
Birmingham, AL 35238

THRIFT
SAVINGS
PLAN

0101972 01 AT 0.308 **AUTO  H7 1 4065 20750-010000

JAMES H. PICKETT JR
PO BOX 100
OXON HILL, MD 20750-0100

LOAN: 0623006G
09/29/2006

Dear Participant:

      The Thrift Savings Plan (TSP) has closed your loan by declaring a taxable distribution as indicated below:

**TSP Loan:**    0623006G  General Purpose
**Amount of Taxable Distribution:**    $12,691.45
**Effective Date of Taxable Distribution:**    09/29/2006
**Processing Date of Taxable Distribution:**    09/29/2006
**Year Reported as Taxable Income:**    2006
**Reason for Taxable Distribution:**    Default on loan

      You will have to pay Federal tax (and possibly, a 10% early withdrawal penalty tax) on the principal and interest outstanding as of the date of the taxable distribution. Also, you are not eligible for another TSP loan for 12 months from the date of this taxable distribution.

      If you have questions, call the ThriftLine number shown below. Callers outside the United States and Canada should call (404) 233-4400 (not a toll-free number). The TSP Service Office hours are Monday through Friday 7 a.m to 9 p.m. eastern time. You can also write to the TSP Service Office. Please include your daytime telephone number and your entire Social Security number on all correspondence. **Note:** If you are a member of the uniformed services, do not provide your Defense Switched Network (DSN) telephone number.