UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. PICKETT, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 07-1431 (PLF) |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | ) ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss ("Mot."), plaintiff's opposition ("Opp.") and defendant's reply ("Rep.").[1]  For the reasons stated below, the Court will dismiss the complaint without prejudice.

Pro se plaintiff James H. Pickett, Jr. filed this claim against defendant, the United States Postal Service, on August 7, 2007.  Plaintiff is a current employee of the defendant, working as a mail distribution clerk in the Reagan National Airport Facility in Arlington, Virginia.  Plaintiff alleges that defendant engaged in discrimination against him in violation of the "Civil Rights Act of 1991" because of his race and because of retaliation/reprisal.  Complaint ¶ 1.  In support of his claim, plaintiff asserts that Supervisor Monique Corbett-Richardson falsified plaintiff's leave record and has cost plaintiff "tens of thousands of dollars in lost wages,

---

[1] Although plaintiff's memorandum in opposition is captioned and docketed as a "motion to deny and/or quash defendant's motion to dismiss complaint," it is clear that it is a memorandum in opposition and the Court will treat it as such.

training, retirement benefits, etc. . ." Complaint ¶ 2.

A provision of Title VII of the Civil Rights Act of 1964, as amended in 1991, requires lawsuits to be brought in any judicial district in the State "in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-(5)(f)(3). Venue is improper if a suit is brought in a jurisdiction that does not satisfy one of these requirements; the claim must be dismissed or transferred to a proper jurisdiction. See Macklin v. Mirant Mid-Atlantic, L.L.C., Civil Action No. 04-1556, 2005 WL 1006005, at *2 (D.D.C. Apr. 29, 2005).

Defendant argues that the complaint should be dismissed for lack of venue because the alleged events took place at Reagan National Airport in Arlington, Virginia, and any records presumably are in the same location. See Mot. at 6. Plaintiff's only response is that the Airport has a District of Columbia mailing address. See Opp. ¶ 3. Venue determinations, however, are based on appraisals of events having operative significance and not on peripheral facts. Macklin v. Mirant Mid-Atlantic, L.L.C., Civil Action No. 04-1556, 2005 WL 1006005, at *3 (D.D.C. Apr. 29, 2005). The mailing address is irrelevant because National Airport is physically situated in Virginia. See Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983) (having a mailing address in a jurisdiction different from the physical location is irrelevant unless the physical location is hard to determine or if the mailing address was used to

induce suit in the wrong jurisdiction); see also Dehaemers v. Wynne, Civil Action No. 07-658, 2007 WL 4208780, at *5 (D.D.C. Nov. 29, 2007) (reasoning that physical location was sufficient for a finding that the Pentagon, in spite of a District of Columbia mailing address, is "found" in the Commonwealth of Virginia).  Plaintiff did not allege any facts to support venue based on the location of records and because this action could be filed elsewhere, specifically in the Eastern District of Virginia where Reagan National Airport is located, plaintiff cannot base his claim of venue on location of principal office.  The District of Columbia is not the proper venue for this case and the claim will be dismissed.[2]

Accordingly, the Court will grant defendant's motion to dismiss for improper venue, and will dismiss this complaint without prejudice to allow it being refiled in a court where venue properly lies.  An Order consistent with the Memorandum Opinion will be issued this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 3, 2008

---

[2] The Court does not need to consider the issue of res judicata, which was also raised by defendant, in light of its conclusion with respect to venue.

3